Hugh S. Coyle, J.
This is an appeal from a judgment of conviction rendered in the Court of Special Sessions of the City of Yonkers on May 15, 1958. Defendant was convicted of a violation of article 4 (par. 2, subd. a) of the New York State Thruway Authority Rules and Regulations and fined $15. This appeal is based upon the insufficiency of the information and directed to the proof adduced upon the trial. Plaintiff’s contention is that the information is defective by reason of the fact that it did not allege his vehicle had been traveling at a speed in excess of that posted for a distance of one quarter of a mile as provided for in subdivision 3 of section 56 of the Vehicle and Traffic Law. However, plaintiff has not been charged with a violation of the Vehicle and Traffic Law, but is in fact charged and convicted of a violation of paragraph 2 (subd. a) of article 4 of the Rules and Regulations of the New York State Thruway Authority. This paragraph provides as follows: “ a A rate of speed on the Thruway System by any vehicle in excess of sixty miles per hour shall be unlawful. * * * Where a lesser speed limit is posted on such system, *1073 no person shall operate a vehicle in excess of such posted limit. ’ ’
In People v. Magri (3 N Y 2d 562), the Court of Appeals in a similar case held: “ Defendant’s further argument * * * that the opinion testimony of the two officers was insufficient, since they did not observe his car for one quarter of a mile, is without merit. Here, the defendant was not charged with a violation of that statute [Vehicle and Traffic Law, § 56, subd. 3] but of a section of Long Island State Park Commission Ordinance No. 6 which has no distance requirement ”.
Paragraph 13 of article 4 of the New York State Thruway Authority Rules and Regulations for the use and occupancy of the Thruway system provides as follows: “ 13. Vehicle and Traffic Law. Except for those sections which are inconsistent with or modified by the above rules and regulations, the provisions of the Vehicle and Traffic Law of the State of New York, Chapter 54 of the Laws of 1929 as amended, shall apply on the Thruway System.”
The defendant does not question the right of the Thruway Authority to make its own rules and regulations for the use and occupancy of the Thruway system, in addition to the powers conferred by the Vehicle and Traffic Law. However, he does not contend that the said Authority has not abandoned the one quarter of a mile yardstick for speeds, as contained in the Vehicle and Traffic Law and that had the Authority so intended it could easily have done so. He further speculates that the Authority had no intention of abandoning the aforesaid distance requirement since on high-speed highways a motorist might be required to accelerate his speed in excess of the speed limit to pass another vehicle, provided this acceleration did not continue for a quarter of a mile.
With this the court cannot agree. There appears to be no doubt that article 4 (par. 2, subd. a) was adopted with the express purpose of modifying subdivision 3 of section 56 of the Vehicle and Traffic Law to eliminate the distance requirement. There would appear little or no justification to permit a speed in excess of that prescribed by the Authority, for a distance under one quarter of a mile, to allow a motorist to pass another vehicle on the New York State Thruway, where all traffic is traveling in the same direction on one-way arteries. It is difficult to appreciate under what set of circumstances, on such a road, it would be necessary for a motorist to exceed the speed limit in order to safely pass another vehicle. The Thruway is two lanes wide in either direction separated from oppos *1074 ing traffic by a medial strip for its entire length and in many places three and four lanes in width. The provision contained in the Vehicle and Traffic Law (§ 56, subd. 3) with respect to distance was intended to protect a motorist and afford him an opportunity to pass another vehicle on a highway where traffic moves in both directions on an undivided highway and is not separated as the super highway is here.
Judgment of conviction affirmed.
Settle order.