Edward M. O’Gorman, J.
The defendant was convicted of speeding on the New York State Thruway, after trial in the Justice’s Court of the Town of Tuxedo on the 22d day of January, 1959, and was fined $10. Defendant now appeals.
The first ground of appeal is based on the following facts: The defendant appeared with counsel, ready for trial, on the 6th day of January, 1959, at 7:00 p.m. He states that the court advised him that the customary hours of the court were from 7:00 to 8:00 p.m. The defendant waited until 8:05 p.m., and, the trooper not having appeared at that time and filed his information, the defendant departed. The record shows that the trooper thereafter arrived within a few minutes of defendant’s departure and laid the sworn information before the Justice, who thereafter adjourned the case for trial to the 22d day of January, 1959. The defendant now maintains that, having lost jurisdiction over the defendant at the time that he departed, the Justice of the Peace was without power to adjourn the matter to a future time and place.
In our opinion, the Justice of the Peace was not deprived of the power vested in him by section 702-a of the Code of Criminal Procedure merely because the defendant left after waiting one hour. The session of the Justice’s Court was not terminated until such time as the Justice of the Peace chose to terminate it, and it is clear in this case that he had not terminated the session prior to the arrival of the trooper who filed the information. The defendant, under the circumstances, left the court at his peril.
It is further urged on behalf of the defendant that the provisions of subdivision 3 of section 56 of the Vehicle and Traffic Law should govern the proof necessary to establish the violation of the Thruway regulations. It was argued that the proof in the instant case failed to show that the police officer had followed the defendant for a distance of a quarter of a mile.
This raises the question whether such a distance requirement is necessary to constitute a violation of the Thruway regulations, which provide as follows: “A rate of speed on the Thruway system by any vehicle in excess of 60 miles per hour shall be unlawful.” (Rules and Reg. of Thruway System, art. 4, par. 2, subd. a.)
On the other hand, the Vehicle and Traffic Law provides: “A rate of speed by a motor vehicle * * * on any public highway in excess of fifty miles an hour for a distance of one-fourth of a mile, except where a greater speed is permitted by the state traffic commission, shall be unlawful.” (§ 56, subd. 3.)
Section 56 establishes several different speed limits, depending upon the conditions prevailing. It is only in subdivision 3 that *733 the Legislature has seen fit to add the requirement that the speed be travelled over the distance of a quarter of a mile, and, from this subdivision have been excepted greater speeds when permitted by the State Traffic Commission.
Furthermore, the provisions of paragraph 13 of article 4 of the Thruway regulations provide as follows: ‘1 Except for those sections which are inconsistent with or modified by the above rules and regulations, the provisions of the Vehicle and Traffic Law of the State of New York, chapter 54 of the Laws of 1929 as amended, shall apply on the Thruway system.”
It is quite apparent that the regulation of the Thruway Authority in setting a 60-mile limit is inconsistent with, or at least modifies, the speed limit of 50 miles an hour which otherwise would have prevailed on this State highway.
To conclude on this point, both the Thruway regulations and the provisions of the Vehicle and Traffic Law make it clear that there was no intention on the part of the Legislature or the State Traffic Commission to make the quarter-mile provision applicable to prosecutions for violation of the 60-mile limit established on the Thruway. As for the reasonableness of the legislative differentiation between these two speed limits, see People v. Both (17 Misc 2d 1072).
We come to a further point raised by the defendant. The proof of speed in its entirety is contained in the following excerpts from the testimony of the arresting trooper:
(Page 9.)
“ Q. Would you tell the court what transpired from the time you first observed, this vehicle? A. I saw him proceeding north, and I observed that he was traveling at a speed that I would say was over 70 miles per hour and I followed him north for approximately two miles.”
(Page 12.)
“ Q. How fast was the defendant going that day while you were observing him? A. 70 miles an hour.”
There was no testimony as to what the trooper’s speedometer read at any time during the two miles that he followed the defendant, nor was there any other evidence of speed as measured by any mechanical device, tested or untested, or as testified to by any other person on behalf of the prosecution.
In my opinion, the People had not met the burden of proof which was cast on them to establish the speed of the defendant beyond a reasonable doubt. Assuming the trooper to have been established as an expert for the purposes of estimating speed, his *734 opinion testimony, without more, is not adequate to support a conviction of violating a speed ordinance. In the concurring opinion of Judge Van Voorhis in People v. Dusing (5 N Y 2d 126, 130) there appears this clear statement of the principle which should apply: ‘1 It is important to public respect for the enforcement of the speed laws that the speed of a motorist shall be checked by speedometer or radar before he can be convicted of speeding. That has been the almost universal custom of Police and Justices’ Courts, and it seems to me that departure from it should not be sanctioned by the Court of Appeals. We should not hold that the speed of an automobile in a prosecution of this nature can be established by the observations of eyewitnesses, no matter how expert they may be, unless the speed is checked by some mechanical or electrical device.”
While the opinion of the police officer may be buttressed even by the reading of an untested speedometer, in this case that minimum supporting proof was lacking. (See People v. Dusing, supra; People v. Magri, 3 N Y 2d 562; People v. Marsellus, 2 N Y 2d 653.)
For the foregoing reasons, the conviction is set aside, and the fine ordered remitted.
Submit order.